UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                        Plaintiff

v.                                                                   Criminal Action No. 3:21-CR-67-RGJ

FREDDIE DOWNER, JR.,                                                             Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Freddie Downer, Jr., ("Downer") moves to suppress evidence obtained from his detention, search, and arrest. [DE 16; DE 18]. Downer also moves to dismiss. [DE 17]. These matters are ripe. [DE 16; DE 17; DE 18; DE 19]. For the reasons below, the Court **DENIES** Downer's Motions to Suppress and Motion to Dismiss. [DE 16; DE 17; DE 18].

## I.   BACKGROUND

On July 13, 2019, Louisville Metro Police pulled over a vehicle driven by Downer's wife in which Downer was a passenger. [DE 18 at 41; DE 19 at 46]. Police initiated the stop because neither occupant was wearing a seatbelt and the vehicle did not display proper registration. [DE 18 at 42]. During the stop, the police officer determined that Downer was a criminal gang member. [DE 18 at 42]. Police officers searched the vehicle and found a firearm and ammunition. [DE 18 at 42; DE 19 at 46].

A grand jury indicted Downer on one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461. [DE 5].

## II.   DISCUSSION

Downer moves *pro se* to suppress body camera evidence of his wife's traffic stop, arguing that the officer exceeded the scope of the stop and that his wife did not voluntarily consent to the

1

officer's questioning or search of the vehicle. [DE 16]. Downer also moves *pro se* to dismiss, arguing that the officer had no consent or justification to search the vehicle. [DE 17]. Finally, through counsel, Downer moves to suppress all evidence and statements obtained as a result of the traffic stop and subsequent search and requests a hearing. [DE 18]. Downer also challenges the search of the vehicle, arguing that "neither he nor his wife" consented to the search, and even if they did, the officer "exceeded the time needed to handle the matter for which the stop was made." [*Id.* at 43]. The United States argues that the body camera footage resolves any question regarding whether Downer's wife consented to the search of the vehicle. [DE 19 at 46]. Thus, the only issue before the Court is whether the officer impermissibly prolonged the traffic stop. [*Id.*].

A.     **Standard**

Under Federal Rule of Criminal Procedure 12, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Courts are limited to resolving motions to dismiss without a trial only if they "involve[ ] questions of law instead of questions of fact on the merits of criminal liability." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). The district court may make "preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion as long as the court's findings on the motion do not invade the province of the jury." *Id.* (citing *United States v. Jones*, 542 F.2d 661, 664–65 (6th Cir.1976)). On a motion to dismiss an indictment, "the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the [i]ndictment is 'valid on its face.'" *United States v. Campbell*, No. 02-80863, 2006 WL 897436, at *2–3 (E.D. Mich. Apr. 6, 2006) (citing *Costello v. United States*, 350, U.S. 359, 363 (1956)).

"If a traffic stop is extended in time beyond the period that the officers are completing tasks related to the traffic infractions, the officers must either obtain consent from the individuals

detained or identify reasonable suspicion of criminal activity to support the extension of the stop." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017) (citing *United States v. Williams*, 808 F.3d 238, 245–46 (4th Cir. 2015)). In *Rodriguez*, the Supreme Court held that whether a stop is unconstitutionally prolonged depends on whether the officer's conduct prolonged the stop beyond its mission. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). The Sixth Circuit has interpreted *Rodriguez* to hold the seizure's mission is "to address the traffic violation that warranted the stop and attend to related safety concerns." *United States v. Lott*, 954 F.3d 919, 923 (6th Cir. 2020) (internal citation omitted) (citing *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). An officer can extend a traffic stop beyond this mission only through reasonable articulable suspicion, but the reasonable suspicion must arise before the officer seeks to prolong the stop. *Rodriguez*, 575 U.S. at 355; *United States v. Howard*, 815 F. App'x 69, 76 (6th Cir. 2020) (citing *Lott*, 954 F.3d at 923). "'Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed' unless 'reasonable suspicion of criminal activity justified detaining [the defendant] beyond completion of the traffic infraction investigation.'" *United States v. Collazo*, 818 F.3d 247, 257 (6th Cir. 2016) (alteration in original) (citation omitted).

That said, the Sixth Circuit has long held that a police officer does not violate the Fourth Amendment by asking a driver questions after the initial traffic stop has ended. *United States v. Erwin*, 155 F.3d 818, 823 (6th Cir. 1998) (en banc) ("A law enforcement officer does not violate the Fourth Amendment merely by approaching an individual, even when there is no reasonable suspicion that a crime has been committed, and asking him whether he is willing to answer some questions"). This includes when an officer requests consent to search the vehicle. *United States*

v. Blair, 524 F.3d 740, 752 (6th Cir. 2008) (citing United States v. Burton, 334 F.3d 514, 518–19 (6th Cir. 2003)).

"It is well settled that in seeking suppression of [physical] evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." United States v. Rodriguez-Suazo, 346 F.3d 637, 643 (6th Cir. 2003) (quoting United States v. Feldman, 606 F.2d 673, 679 n.11 (6th Cir. 1979)). The defendant's burden extends to both "the burden of production and persuasion." United States v. Patel, 579 F. App'x 449, 453 (6th Cir. 2014), as amended (Oct. 21, 2014).

### B. Application

Because the motion to dismiss and motions to suppress turn on the same question of fact, whether Mrs. Downer consented to a search, the Court will consider them together. In his *pro se* motion to dismiss, Downer argues that the officer had no consent or justification to search the vehicle. [DE 17 at 39]. In both motions to suppress, Downer argues that neither he nor his wife consented to a search of the vehicle. [DE 16 at 37; DE 18 at 43].

The Court reviewed the video footage. In the bodycam video, after running the Downers' identification information, the officer returned to their vehicle and asked Mrs. Downer, "y'all don't have no guns or drugs in the car, right?" [Bodycam video, 13:40-44]. She apparently responds off video in the negative, and the officer speaks again. "Are we cool if I check?" [*Id.*] Mrs. Downer responds, "Yes sir." [Bodycam video 13:44].

At the end of a traffic stop, regardless of whether reasonable suspicion exists, an officer may ask consent to search a vehicle. *Blair*, 524 F.3d at 752. The Fourth Amendment's protection no longer applies if consent is given by one with actual or apparent authority over the item or place to be searched. *United States v. Caldwell*, 518 F.3d 426, 429 (6th Cir. 2008). Mrs. Downer's

consent is clearly given and there is no question that she has actual authority over the vehicle. Therefore, the fourth amendment protection no longer applies.

Downer also argues that the officer exceeded the time and scope of the stop, citing *Rodriguez*, 575 U.S. at 350-51. [DE 16 at 37; DE 18 at 43-44]. The United States argues that *Rodriguez* does not apply because Mrs. Downer clearly consented to the search in the body camera footage from the traffic stop. [DE 19 at 47; DE 19-1].

Even if the stop were prolonged beyond traffic violations, Mrs. Downer's statement is valid consent to search the vehicle and the Court determines that the resulting search did not impermissibly extend the traffic stop. *See, e.g.*, *Blair*, 524 F.3d 740; *Hill*, 852 F.3d 377; *Williams*, 808 F.3d 238; *Caldwell*, 518 F.3d 426.

Finally, Downer requests a hearing. [DE 18]. "An evidentiary hearing is required 'only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (quoting *United States v. Downs*, 173 F.3d 430 (6th Cir. 1999)). If, however, the defendant's arguments are "entirely legal in nature," the court may issue a ruling without an evidentiary hearing. *Id.* Because the body camera clearly resolves any factual issue regarding consent to the search, no question of fact remains, and no evidentiary hearing is required.

### III. CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

1) Downer's Motion to Suppress [DE 16] is **DENIED;**

2) Downer's Motion to Dismiss [DE 17] is **DENIED;**

3) Downer's Motion to Suppress and Request for Hearing Thereon [DE 18] is **DENIED.**

Rebecca Grady Jennings, District Judge
United States District Court

November 5, 2021

Cc: Counsel of record